CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
NOV 17 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JERRY W. ROADCAP, | ) | CASE NO. 5:11CV00028 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) By: | B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's May 27, 2008 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated March 26, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since April 24, 2008[1], and that he met the insured status requirements of the Act. (R. 13.) The Law Judge further found that plaintiff had the following severe impairments: history of prescription drug abuse, headaches, myalgias, borderline obesity[2], and asthma (even though he continues to smoke). (*Id.*) It was

---

[1] Plaintiff initially alleged a disability onset date of August 1, 2006, and he subsequently amended the date to April 7, 2008. (R. 13.)

[2] At his hearing before the Law Judge, plaintiff testified that he was 5'6" and weighed

determined that plaintiff did not have an impairment of combination of impairments which met or equaled a listed impairment. (R. 24.) The Law Judge was of the view that plaintiff retained the residual functional capacity ("RFC") to perform medium, light and sedentary exertional work. (R. 25.) The Law Judge determined that this RFC did not preclude plaintiff from returning to his past relevant work as a loading supervisor and truck driver and a supervisor/production manager. (R. 27.) The Law Judge found that these jobs, as generally performed, did not require work-related activities that were precluded by plaintiff's medical impairments and RFC. (*Id.*) He further found that, even if plaintiff had no past relevant work, there were other jobs available to him which he could perform. (*Id.*) Thus, ultimately, the Law Judge concluded that plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's March 26, 2010 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th

---

approximately 185 pounds. (R. 40.)

2

Case 5:11-cv-00028-MFU-BWC Document 18 Filed 11/17/11 Page 2 of 5 Pageid#: 717

Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge's finding that he has a history of abusing or misusing prescription drugs is not supported by substantial evidence.[3] (Pl's Brief, pp. 3-6.) Plaintiff contends that this erroneous finding impacted the Law Judge's entire decision. (Pl's Brief, p. 5.) The undersigned disagrees and concludes that this finding is supported by substantial evidence.

As noted, at step two in the sequential evaluation, the Law Judge found that plaintiff had a history of prescription drug abuse. (R. 13.) In assessing plaintiff's credibility, the Law Judge noted as follows:

> Moreover, the claimant has made inconsistent statements or statements contradicted by other evidence of record, and this significantly undermines his credibility. The medical evidence of record documents that the claimant has a history of prescription drug misuseuse [sic] and the file documents an emergency room visit for complaints of back pain, at which time the claimant asserted that he was not taking pain medications when in fact the claimant was under the care of a pain management clinic at the time. Prescription drug misuse and receipt of disability payments are secondary gain motives for the claimant's subjective complaints, which have been thoroughly evaluated by specialists, who have concluded that the subjective complaints can not be explained on the basis of objective evidence and test results.

(R. 26) (internal citations omitted.)

The undersigned concludes that the Law Judge's finding that plaintiff had a history of prescription drug abuse is supported by substantial evidence, namely an August 21, 2007 medical note from neurologist, Glenn E. Deputy, M.D. (R. 337-338.) There, Dr. Deputy reported that he had advised plaintiff to discontinue his present use of narcotics and other pain relievers on a daily basis to prevent his rebound headaches. (R. 338.) The physician's medical

---

[3]The undersigned notes that the Commissioner declined to address the issues outlined in plaintiff's brief filed in support of his motion for summary judgment. Because the plaintiff asserts that the finding essentially poisoned the entire decision, the undersigned has elected to address it on its merits.

3

note, in pertinent part, further provides: **I have told [plaintiff] that I will *not* be prescribing narcotic pain relievers for him** and have suggested that he taper off all narcotics and not resume them given his history. (*Id*) (emphasis in original.) In addition, there is a medical note dated November 5, 2007, from plaintiff's pain management physician, J. Sherry, M.D., who reported that plaintiff had a history of "prescription drug abuse." (R. 431.) Finally, when plaintiff was seen at Rockingham Memorial Hospital on May 4, 2009, he denied that he was taking any pain medications, a statement which is contradicted by the medical record as a whole. (R. 624.)

Next, plaintiff argues that the Law Judge's decision is not supported by substantial evidence because the Law Judge's decision includes contradictory factual assertions and makes contradictory conclusions. (Pl's Brief, pp. 6-9.) Specifically, plaintiff contends that the Law Judge's finding that he was engaged in work-like activities after his alleged disability onset date is not supported by the record. (Pl's Brief, pp. 6-8.) Plaintiff further asserts that the Law Judge's decision to credit the finding of Don Martin, M.D. that he did not suffer fibromyalgia over the contrary opinion rendered by nurse practitioner Beverly J. Powell was error. (Pl's Brief, pp. 8-9.) The undersigned disagrees.

Dr. Martin's opinion is entitled to be given greater weight under the regulations because he is an acceptable medical source, whereas Powell is not. Ms. Powell is a nurse practitioner who is considered to be an "other source." While her evidence concerning her observations of the severity and effects of any impairment may be given weight, the Law Judge had every right to reject her opinions essentially rising to diagnosing the presence or absence of medically determinable conditions or impairments. *See* 20 C.F.R. §§ 404.1513(a) and (d)(1).

4

Plaintiff's argument for remand based on the Law Judge's finding that he was engaged in work-like activities after his alleged disability onset date also is without merit. The Law Judge certainly did not apply this finding to decide that plaintiff was disqualified at step one in the sequential evaluation because he was engaged in substantial gainful activity. Rather, it is clear that such finding related to plaintiff's daily activities, which can be a basis for denying a claim. Thus, even if there was error in this respect, it was harmless. *See Patterson v. Bowen*, 799 F.2d 1455, 1459 (11th Cir. 1986) (Where an error is harmless, there is no need to remand to the Commissioner.)

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

11/17/11
Date